UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:21-CR-00153-BJB-RSE

UNITED STATES OF AMERICA                                                                                  PLAINTIFF

VS.

JOHNNY WILLIAMS                                                                                          DEFENDANT

## MEMORANDUM OPINION AND ORDER

Before the Court is the United States of America's ("United States'") Motion for Protective Order. (DN 22). Defendant Johnny Williams ("Williams") filed a response after the deadline to do so had passed. (DN 26). Pursuant to 28 U.S.C. § 636(b)(1)(A), the District Judge referred this matter to the undersigned United States Magistrate Judge for resolution and a hearing, if necessary. (DN 23).

### I. Background

On December 7, 2021, the grand jury in the Western District of Kentucky issued an indictment against Defendant Johnny Williams on two counts of distribution of controlled substances in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). (DN 1). This charge followed a law enforcement investigation that involved "the employment of a confidential source to make controlled purchases of contraband." (DN 22, at PageID # 39). The United States provides that these purchases were captured on audio and video recordings and in photographs which it intends to disclose to Williams through his counsel. (*Id.*). The United States' proposed protective order allows use of this evidence "solely in connection with the defense of this case." (DN 22-1, at PageID # 42). The proposed protective order permits Williams' counsel to show him the evidence but precludes Williams from maintaining it in his possession. (*Id.*). It similarly allows Williams'

1

counsel to show the evidence to other enumerated authorized persons connected to the case but precludes such authorized persons from maintaining possession of the evidence without leave of the Court. (*Id.* at PageID # 42–43). Finally, the proposed protective order requires that those in possession of the evidence destroy it or return it to the United States upon final disposition of this case. (*Id.* at PageID # 43). The proposed protective order does not otherwise limit the use of this evidence in defending the charges, nor does it restrict public access to the evidence that is filed in the court record. (*Id.*).

Williams objects to entry of the protective order as proposed, arguing it unnecessarily and unreasonably hinders his ability to prepare a defense.[1] (DN 26, at PageID # 48). Williams suggests he "needs time" to review the evidence without his lawyer present and requests that the protective order be amended to exclude the provision that prohibits him from receiving copies. (*Id.* at PageID # 49). Otherwise, Williams does not object to its entry. (*Id.*).

## II. Analysis

Rule 16 of the Federal Rules of Criminal Procedure provides that "the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d). While the rule itself does not define "good cause," the Advisory Committee notes are instructive on examples of circumstances in which a protective order is appropriate, namely for the safety of witnesses, protection of information vital to national security, and "protection of business enterprises from economic reprisals." Fed. R. Crim. P. 16(e) advisory committee's note to 1966 amendments (discussing Rule 16(e), which is now styled as Rule 16(d)); *see also* Fed. R. Crim P. 16(d) advisory committee's note to 1974 amendments ("Although the rule does not attempt to indicate when a protective order should be entered, it is obvious that one would be

---

[1] The Court will again note that Williams' response was filed on March 29, 2022, well past the response deadline. Nevertheless, his objections were noted for the record.

appropriate where there is reason to believe that a witness would be subject to physical or economic harm if his identity is revealed."). The issuance of an order under Rule 16(d) is within the discretion of the Court. *United States v. Hanna*, 661 F.3d 271, 294 (6th Cir. 2011). The party seeking the protective order bears the burden of showing good cause. *Pansy v. Borough of Stroudsburg*, 23 F. 3d 772, 787 (3d Cir. 1994); *United States v. Smith*, 985 F. Supp. 2d 506, 523 (S.D.N.Y. 2013).

Here, since the United States intends to disclose the evidence to Williams, the issue before the Court is whether there is good cause to protect the evidence from disclosure outside of the defense of the instant charge. "The U.S. Supreme Court has sanctioned the use of protective orders, directing that 'the trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect.'" *United States v. Jones*, No. 3:06-CR-149, 2007 WL 4404682, at *1 (E.D. Tenn. Dec. 13, 2007) (quoting *Alderman v. United States*, 394 U.S. 165, 185 (1969)). In support of its Motion, the United States cites the "important interest in ensuring the safety of witnesses in this case." (DN 22, at PageID # 39).

The Court notes that it has not reviewed the evidence at issue and has not been provided specific details about the witnesses to determine the particular risk of harm if their connection to the case is disclosed to individuals outside the context of this case. However, the United States has indicated that at least one witness is a confidential informant who made repeated controlled purchases from Williams. (*Id.*). Disseminating his or her identity and role in assisting the government in policing and prosecuting a suspected drug dealer increases the risk that he or she will face targeted violence by members of the criminal community. *See United States v. Barbeito*, No. CR.A. 2:09-CR-00222, 2009 WL 3645063, at *1 (S.D.W. Va. Oct. 30, 2009) ("While it is true that designating someone as a 'snitch' or a 'rat' does not generally require probable cause or

3

documentary evidence, the danger is certainly compounded when [] discovery materials identifying informants are floating about in the community, and perhaps worse yet, on the internet."). Restricting the use of the evidence at issue to litigating this case and generally limiting possession to Williams' counsel mitigate that risk without interfering with his substantive rights or the public's right of access to information filed in the court record. Williams' cursory claim that he needs to review the evidence outside the presence of his lawyer is not well-taken. Therefore, the Court finds a sufficient showing of good cause to enter the United States' proposed protective order.

## ORDER

Based on the foregoing, the United States' Motion for Protective Order (DN 22) is **GRANTED**.

**IT IS THEREFORE ORDERED** as follows:

1. All controlled buy videos, recordings, and photographs provided to the Defendant, through his counsel, by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "recordings") are subject to this protective order and may be used by Defendant and his counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2. Defendant's counsel shall be permitted to show Defendant the recordings in preparation for their defense of this case. However, Defendant's counsel shall not provide copies of the recordings to the defendant to maintain in his possession.

3. Defendant's counsel shall not disclose the recordings or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense, persons who

are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, authorized persons). Potential witnesses and their counsel may be shown copies of the recordings as necessary to prepare the defense but may not retain copies without prior permission of the Court.

4. Defendant, his counsel, and authorized persons shall not copy or reproduce the recordings except in order to provide copies of the documents for use in connection with this case by Defendant, his counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original documents.

5. Before providing recordings to an authorized person, defense counsel must provide the authorized person with a copy of this Order.

6. Upon conclusion of all stages of this case, all recordings and all copies made thereof shall be destroyed or returned to the United States, unless otherwise ordered by the Court. The Court may require a certification as to the disposition of any such documents.

7. The restrictions set forth in this Order do not apply to documents or documents that are or become part of the public court record, including documents or documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case

8. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

Regina S. Edwards, Magistrate Judge
United States District Court

April 1, 2022

Copies:     Counsel of Record