UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                        No. 3:21-cr-153-BJB

JOHNNY WILLIAMS

\* \* \* \* \*

### MEMORANDUM OPINION & ORDER

A federal grand jury charged Johnny Williams on December 7, 2021, with two offenses related to the distribution of fentanyl. Indictment (DN 1) at 1–2. At the time, Williams was in the custody of the Commonwealth of Kentucky related to state criminal charges. So rather than seeking a warrant or summons, the United States filed a motion for a writ of habeas corpus ad prosequendum (DN 9), which this Court granted on January 12, 2022 (DN 10). According to Williams, the Commonwealth transferred him to federal custody on February 2, but he did not appear before a federal magistrate judge until February 18. Motion for Release (DN 12); Supplement (DN 15-1). Williams then filed a motion for release from custody (DN 12), claiming the 16-day delay violated his right to a speedy arraignment under the Federal Rules of Criminal Procedure and his right to a speedy probable-cause hearing under the U.S. Constitution's Fourth Amendment as construed in *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991). After Magistrate Judge Edwards orally denied the motion for release (DN 19), Williams filed a second motion for release from custody regurgitating his same arguments (DN 25).

Williams's motion fails because it asserts the wrong right and requests an unavailable remedy. The right to a speedy judicial probable-cause determination discussed in *McLaughlin* is inapposite because a grand jury indicted Williams. And the remedy he seeks for his alleged untimely initial appearance—dismissal of the federal indictment—is barred by binding Supreme Court precedent.

\*

States "must provide a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty, and this determination must be made by a judicial officer before or promptly after arrest." *Gerstein v. Pugh*, 420 U.S. 103, 125 (1975). This rule, rooted in the Fourth Amendment's guarantee against unreasonable seizures, requires the government to promptly bring a detained suspect before a neutral magistrate. *Id.* at 124–26. In *McLaughlin*, the Supreme Court held that the Fourth Amendment generally requires a "prompt" probable cause hearing

1

within 48 hours after an arrest. *See* 500 U.S. at 56–57. Williams says his delayed hearing violated this protection. First Motion for Release (DN 12) (citing *McLaughlin*, 500 U.S. 44).

Williams is wrong. The rule does not apply to a defendant charged by indictment. A valid indictment "conclusively determines the existence of probable cause" and alone serves as a basis to detain an individual. *Gerstein*, 420 U.S. at 117 n.19. So someone like Williams who is "held on a valid warrant" is "not constitutionally entitled to a separate judicial determination that there is probable cause to detain him pending trail." *Alkire v. Irving*, 330 F.3d 802, 814 (6th Cir. 2003) (quoting *Baker v. McCollan*, 443 U.S. 137, 143 (1979)). The Federal Rules make this crystal clear: "If a defendant is charged with an offense other than a petty offense, a magistrate judge must conduct a preliminary hearing *unless* … the defendant is *indicted*." FED. R. CRIM. P. 5.1(a)(2) (emphasis added). A grand jury indicted Williams, DN 1, so the 48-hour shot clock introduced in *McLaughlin* cannot provide him any relief.

\* \*

A similar requirement, Federal Rule of Criminal Procedure 5(a)(1)(A), governs a defendant's initial appearance before a judge. At common law, "an arresting officer" was "obliged … to bring his prisoner before a magistrate as soon as he reasonably could." *Corley v. United States*, 556 U.S. 303, 306 (2009). This obligation, known as the "presentment" requirement, "tended to prevent secret detention and served to inform a suspect of the charges against him." *Id.* It prohibited the government from using strategic delay to "obtain incriminating evidence or elicit a confession" before advising a suspect of his rights. *United States v. Peeples*, 962 F.3d 677, 687 (2d Cir. 2020); *see United States v. Garner*, 46 F. App'x 278, 288 (6th Cir. 2002). That mandate, now codified as part of Federal Rules of Criminal Procedure 5(a)(1)(A), compels a "person making an arrest within the United States" to "take the defendant without unnecessary delay before a magistrate judge, or before a state or local judicial officer as Rule 5(c) provides, unless a statute provides otherwise."

What is "unnecessary delay" under Rule 5(a)(1)(A)? As Williams notes, "[t]he rule does not specify what is considered unnecessary." *See* Supplement at 1. "No hard and fast rule can govern … what constitutes unnecessary delay and each case must be determined based on its own facts and circumstances." *Holt v. United States*, 280 F.2d 273, 274 (8th Cir. 1960). But precedent provides some guidance. "For the purposes of Rule 5(a) delay is measured from the time custody by federal authority commences." *United States v. Barlow*, 693 F.2d 954, 958 (6th Cir. 1982).

Courts have conducted fact-specific inquiries to place delays of varying lengths on either side of the line. *Compare United States v. Christopher*, 956 F.2d 536, 539 (6th Cir. 1991) (6-hour delay permissible), *abrogated on other grounds by Corley*, 556

U.S. 303; *United States v. Ramirez*, No. 3:13-cr-82, 2016 WL 11214627, at \*10 (W.D. Ky. Dec. 9, 2016) (1-day delay permissible), *report and recommendation adopted by* 2017 WL 384276; *United States v. Zakharov*, 468 F.3d 1171, 1180 (9th Cir. 2006) (16-day delay permissible given that authorities had to transport suspect more than 1,600 miles), *with United States v. Ogle*, No. 3:11-cv-35, 2014 WL 3845413, at \*6 (E.D. Tenn. Aug. 5, 2014) (3-week delay impermissible).

Even assuming a delay is unreasonable, what is a defendant's remedy for such a violation? Exclusion from evidence, according to the Supreme Court. Exercising its supervisory authority in connection with Rule 5(a), *Corley* held that a defendant's confession obtained during a pre-arraignment custodial interrogation would be inadmissible. *See* 556 U.S. at 307–09, 322 (discussing *McNabb*, 318 U.S. at 334–338, 344–345 and *Mallory*, 354 U.S. at 455). In *McNabb*, the Supreme Court held that a confession obtained during two days of pre-arraignment interrogation was inadmissible. 318 U.S. at 345. And in *Mallory*, the Court reaffirmed the appropriateness of the suppression remedy, explaining that an "arrested person's confession is inadmissible if given after an unreasonable delay in bringing him before a judge." *Corley*, 556 U.S. at 306 (discussing *Mallory*, 354 U.S. at 455). Congress modified this stringent rule somewhat with its passage of 18 U.S.C. § 3501, which created a safe harbor allowing for the admission of confessions obtained within six hours of arrest. *See United States v. Woodley*, 713 F. App'x 449, 455–56 (6th Cir. 2017). But any confessions obtained after that mark are potentially subject to suppression absent waiver or a compelling explanation for the delay. *See, e.g.*, *Barlow*, 693 F.2d at 959 ("[W]aiver of one's *Miranda* rights also constitutes a waiver under *McNabb-Mallory*.").

A violation of Rule 5(a), contrary to Williams's position, does not entitle a defendant "to have his indictment dismissed." *United States v. Garcia-Echaverria*, 374 F.3d 440, 452 (6th Cir. 2004). That is because "the appropriate remedy for a violation of [the Rule] is the suppression of involuntary statements and the fruits of such statements." *Id.*[1] Indeed, "overwhelming authority" from other courts "indicates that the appropriate remedy for a violation of Rule 5(a) is suppression of any prejudicial statements made during the period of pre-arraignment delay, rather than dismissal of the indictment." *United States v. Aragon*, No. 15-cr-292, 2017 WL

---

[1] The suppression remedy is not automatic, however. "[U]nnecessary delay, standing alone, is not sufficient to justify the suppression of an otherwise voluntary confession under 18 U.S.C. § 3501, made during that period." *United States v. Ostrander*, 411 F.3d 684, 696 (6th Cir. 2005) (quoting *Christopher*, 956 F.2d at 538–39). To ascertain voluntariness, the Sixth Circuit requires courts to scrutinize the reasons for the delay and the circumstances around the confession to ensure an "absence of coercion." *Id.*

2889499, at *14 n.16 (S.D.N.Y. July 5, 2017) (quotation omitted), *aff'd sub nom United States v. Alarcon Sanchez*, 972 F.3d 156 (2d. Cir. 2020).[2]

In this case, state authorities transferred Williams to federal custody on February 2 under a writ of habeas corpus ad prosequendum issued by this Court. He made his initial appearance before the magistrate judge sixteen days later. DN 11. Even assuming such a delay was problematic, despite his state-court process and the federal writ,[3] Williams does not point to any testimony or evidence he seeks to exclude. Nor does he claim he was interrogated or questioned in any way during his time in federal custody. *See* First Motion for Release at 1; Second Motion for Release at 1–2. And Williams does not even attempt to wriggle free from the binding authority that rejects dismissal of an indictment as an appropriate remedy for a purported Rule 5(a) violation. *See Garcia-Echaverria*, 374 F.3d at 452; *Zavada*, 291 F.2d at 191.

Given the absence of a suppression request and the robust body of caselaw squarely foreclosing the relief Williams seeks, Williams's motion fails on this ground as well.

## ORDER

The Court denies Williams's second motion for release from custody (DN 25).

Benjamin Beaton, District Judge
United States District Court

May 5, 2022

---

[2] *See, e.g.*, *Peeples*, 962 F.3d at 685–86 & nn.22, 27 (2d Cir. 2020) (citing, *e.g.*, *Corley* and other decisions explaining "that the remedy for [a Rule 5(a)] violation is the exclusion of evidence, not dismissal of a criminal case"); *United States v. Dyer*, 325 F.3d 464, 470 n.2 (3d Cir. 2003) ("[T]he remedy for such a violation is not dismissal of the indictment."); *Lovelace v. United States*, 357 F.2d 306, 309–10 (5th Cir. 1966) (similar); *United States v. Zavada*, 291 F.2d 189, 191 (6th Cir. 1961) (declining to vacate guilty plea due to alleged violation of Rule 5(a), because "[n]o evidence obtained prior or subsequent to his arraignment was used against him"); *United States v. Cooke*, 853 F.3d 464, 471 (8th Cir. 2017) ("[T]he appropriate remedy for a violation of Rule 5(a)(1)(A) is not dismissal of an indictment, but suppression of evidence illegally obtained as a result of the violation."); *United States v. Cabezas-Montano*, 949 F.3d 567, 591 (11th Cir. 2020) (similar).

[3] Williams cites no authority from the Supreme Court, Sixth Circuit, or any other court suggesting this was in fact legally problematic.